UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | 3:11CR220 (SRU) |
| v. : | |
| : | |
| : | |
| RICHARD COVIL : | |

**PROTECTIVE ORDER**

On December 3, 2012, this Court entered judgment finding the defendant, Richard Covill, guilty of Count One of the Indictment brought in the criminal case of <u>United States v. Richard Covill</u>, 3:11CR220 (SRU), which charged him assault on a federal official in violation of 18 U.S.C. Sections 111(a)(1) and 111(b). The Court sentenced the defendant to time served; three years of supervised release; and a $100 special assessment.

The United States has moved this Court, pursuant to 18 U.S.C. §1514, for a protective order to prohibit the defendant from directly or indirectly harassing or otherwise contacting the victim in this case following the expiration of the sentence imposed on the defendant in connection with the case.

The defendant has consented to the entry of this Order, which is intended to restrain the defendant from directly or indirectly harassing or contacting the victim for a period of three years from the expiration of his sentence and the execution of which is to be stayed such that it becomes effective or "issues" as that term is used in 18 U.S.C. §1514(b)(4), beginning on the first date that any sentence imposed on the defendant terminates.

As part of his plea agreement, the defendant, Richard Covill, and the government stipulated and agreed that, were the case to proceed to trial, the government would be able to

prove beyond a reasonable doubt, that on or about October 18, 2011, in the District of Connecticut, the defendant, Richard Covill, knowingly and willfully did forcibly and with actual physical contact, assault, resist, oppose, impede, intimidate, and interfere with an officer of the United States, as designated in Title 18, United States Code, Section 1114, that is, the United States Postmaster for Hartford, Connecticut, while she was engaged in the performance of her official duties, and did thereby inflict bodily injury upon her. The defendant and the government further stipulated and agreed that, were the case to proceed to trial, the government would be able to prove beyond a reasonable doubt the following facts: on or about October 18, 2011, between approximately 7:45 a.m. and 8:00 a.m., the defendant, Richard Covill, a former postal employee, traveled to the Hartford Processing and Distribution Center, located at 141 Weston Road in Hartford, Connecticut. Covill parked in the parking lot, entered a restricted elevator and traveled up to the third floor. Covill then approached the office of the Hartford Postmaster and began talking to her. The Hartford Postmaster asked Covill to leave and then turned around toward her office. Covill then forcibly pushed the Hartford Postmaster from behind, causing her to fall forward and strike her head against her desk, which has a glass overlay, and knock over a chair. The Hartford Postmaster was transported to a local hospital and was treated for a laceration on her forehead, which required stitches to close the wound.

In addition, as acknowledged by his signature on the consent form annexed to this Order, the defendant admits the conduct described above.

Upon the basis of the defendant's admissions and his consent set forth in the

Acknowledgment and Consent attached to this Order, and on the basis of all the evidence adduced during the prosecution of this matter, including the evidence presented during the sentencing proceedings, and in light of the defendant's waiver of any other hearing or proceedings pursuant to 18 U.S.C. § 1514 prior to the entry of this Order, this Court hereby finds, by a preponderance of the evidence and pursuant to Title 18, United States Code, Section 1514:

(1) that harassment of an identified victim in a Federal criminal case exists – namely "J.M." (hereinafter referred to as "the victim");

(2) that the defendant has engaged in harassment of the victim by engaging in a course of conduct, including the making of threatening and harassing communications and a physical assault, that has caused substantial emotional distress to her, and which served no legitimate purpose; and

(3) that the issuance of a protective order is necessary to prevent any further such harassment.

THEREFORE, upon motion of the government, and with the consent of the defendant,

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 1514 that:

(1) The defendant, Richard Covill, is restrained from any and all knowing or intentional harassment of, or contact with the victim, directly or indirectly.

(2) The defendant, Richard Covill, is specifically prohibited from knowingly or intentionally contacting, or causing any other person to contact on his behalf, the victim directly or indirectly, orally or in writing, whether in person, or by mail, telephone, email, text message,

or otherwise via the internet, or by any other means.

(3) The defendant, Richard Covill, is further prohibited from knowingly or intentionally making any threatening or harassing communications about the victim to any other person directly or indirectly, orally or in writing, whether in person, or by mail, telephone, email, text message, or otherwise via the internet, or any other means, such as posting or circulating information or spreading rumors about the victim on the internet, in a public place, or by word of mouth.

(4) The defendant, Richard Covill, is further prohibited from knowingly or intentionally damaging or threatening damage to the property of the victim.

(5) The defendant, Richard Covill, is further prohibited from knowingly or intentionally obtaining personal information about the victim by accessing public records, or through the use of the internet, search services, private investigators, or through contact for such purposes with the victim's family, friends, employers, co-workers, or neighbors.

(6) The defendant, Richard Covill, is further prohibited from knowingly or intentionally having any contact of any type with the victim, directly or indirectly, and from knowingly or intentionally being physically present within one mile of the victim.

(7) The defendant, Richard Covill, shall, upon the termination of any sentence imposed upon him, provide to the Court and the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut (who is located at 157 Church Street, New Haven, Connecticut 06510), in writing, his current living address, and he shall notify the Court

and the Victim-Witness Coordinator for the United States Attorney's Office for the District of Connecticut in writing of any change of address within forty-eight hours of any such change during the pendency of this Order.

(8) The defendant, Richard Covill, shall possess no firearms, ammunition or weapons of any type.

IT IS FURTHER ORDERED that this Order may be subject to modification upon motion of either party, or *sua sponte* by the Court, provided that each party is afforded notice and a meaningful opportunity to be heard regarding any proposed modification to this Order.

IT IS FURTHER ORDERED that this Order be filed both in the instant criminal case, but also in a newly opened miscellaneous civil case, so that the Court can and will retain jurisdiction over this Order in the miscellaneous civil case beyond the termination of any sentence imposed on the defendant, and the corresponding termination of its jurisdiction in the criminal case.

IT IS FURTHER ORDERED that a violation of this Order may be considered contempt of Court.

IT IS FURTHER ORDERED that the execution of this protective order be stayed such that it becomes effective or "issues" as that term is used in 18 U.S.C. §1514(b)(4), beginning on the first date that the sentence imposed on the defendant terminates. The protective order shall remain in effect for a period of three years and an attorney for the government may, at any time within ninety days before the expiration of this Order, apply for a new protective order under the procedures set forth in 18 U.S.C. § 1514.

SO ORDERED.

Date:   December 4, 2012        /s/ Stefan R. Underhill
                                STEFAN R. UNDERHILL
                                UNITED STATES DISTRICT JUDGE